UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANA K. PITRE | CIVIL ACTION NO. 6:14-cv-02843 |
| VERSUS | JUDGE DOHERTY |
| THE CITY OF EUNICE, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendants (Rec. Doc. 8). The motion is opposed. (Rec. Doc. 16). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 14). For the following reasons, it is recommended that the motion be granted.

### FACTUAL BACKGROUND

According to the plaintiff's complaint, she was allegedly stopped by officers with the Eunice Police Department on October 1, 2013 because her mother had notified the police that the plaintiff was upset over her mother filing interdiction paperwork and because her medication had been interrupted. One of the officers allegedly sprayed the plaintiff in the face with pepper spray and another officer

allegedly broke her arm. Two other officers were allegedly also present when these events occurred.

The plaintiff sued the City of Eunice, its mayor and police chief, and four city police officers, under 42 U.S.C. § 1983, alleging that she was falsely arrested and falsely imprisoned in violation of the rights guaranteed to her by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. She also asserted state-law claims of assault, negligent injury, intentional infliction of emotional distress, false arrest, false imprisonment, negligent hiring, and other unspecified violations of state and federal law. With the pending motion, the defendants seek to have the Fifth Amendment claims dismissed.

## ANALYSIS

Among the plaintiff's claims is a claim that her Section 1983 claim is predicated, at least in part, on a violation of her Fifth Amendment rights. "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"[1] The Fifth Amendment proscribes deprivation of life, liberty, or property with due process of law by federal actors while the Fourteenth Amendment proscribes such action by state actors. However, the

---

[1] *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002).

plaintiff has not alleged that any federal actor deprived her of any rights. All of the defendants named in her lawsuit are alleged to be associated with the City of Eunice. Although the plaintiff has not provided names for four of the defendants (and is seeking additional time for the purpose of identifying and serving these individuals), she alleges that all four of the currently unnamed "John Doe" defendants are police officers for the City of Eunice and that they were acting as such at all relevant times. There is no allegation that any defendant was acting, at any relevant time, on behalf of the federal government. For this reason, the plaintiff has failed to allege the facts necessary to support a Fifth Amendment due process claim that is cognizable by this Court.

Accordingly, the undersigned finds that the plaintiff has not alleged a plausible Section 1983 claim based upon a violation of the Fifth Amendment, and the undersigned recommends that the plaintiff's claims that are predicated upon a violation of the Fifth Amendment should be dismissed.

## Conclusion

For the foregoing reasons, it is recommended that the defendants' motion be granted and that the plaintiff's Section 1983 claim based on an alleged violation of her Fifth Amendment rights be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on February 25th, 2015.

COPY SENT:

DATE: 2/26/2015
BY: EFA
TO: RFD
    cg

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE