UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JANA K. PITRE                                   CIVIL ACTION NO. 6:14-cv-02843

VERSUS                                          JUDGE DOHERTY

THE CITY OF EUNICE, ET AL.                      MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(5), 12(b)(6), and 12(b)(7), which was filed by four unidentified defendants (Rec. Doc. 10). The motion is opposed. (Rec. Doc. 16). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 31). For the following reasons, it is recommended that the motion be denied.

## FACTUAL BACKGROUND

According to the plaintiff's complaint, she was allegedly stopped by officers with the Eunice Police Department on October 1, 2013 because her mother had notified the police that the plaintiff was upset over her mother filing interdiction paperwork and because her medication had been interrupted. One of the officers allegedly sprayed the plaintiff in the face with pepper spray and another officer

allegedly broke her arm. Two other officers were allegedly also present when these events occurred.

The plaintiff sued the City of Eunice, its mayor and police chief, and four unidentified city police officers, under 42 U.S.C. § 1983, alleging that she was falsely arrested and falsely imprisoned in violation of the rights guaranteed to her by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. She also asserted state-law claims of assault, negligent injury, intentional infliction of emotional distress, false arrest, false imprisonment, negligent hiring, and other unspecified violations of state and federal law. With the pending motion, the unidentified defendants seek to have the claims asserted against them dismissed.

## ANALYSIS

The plaintiff's complaint names as defendants John Doe 1, John Doe 2, John Doe 3, and John Doe 4, all of whom are stated to be police officers employed by the City of Eunice. The instant motion to dismiss purports to be on behalf of those four officers. The motion to dismiss does not identify the four officers but refers to them as the plaintiff did – as John Doe 1, John Doe 2, John Doe 3, and John Doe 4. The undersigned has located no procedural basis on which an unidentified party can appear in a lawsuit and assert a defense without revealing his or her identity. Accordingly, the motion to dismiss is fatally flawed and should be dismissed.

-2-

Furthermore, even if it were possible for unidentified persons to appear in a lawsuit and assert defenses, the defenses asserted here are both premature and lacking in merit.  The motion to dismiss argues that the unidentified defendants were not properly cited or served; that no claim has been stated against them because they are unidentified; and that the plaintiff failed to join indispensable parties to the suit.  By asserting these defenses, the unidentified officers seek to have the claims against them dismissed because they have not been properly identified.

Although "[a]n action must be prosecuted in the name of the real party in interest,"[1] "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into an action."[2] In this case, the issues created by the plaintiff's failure to identify the four police officers who allegedly injured her have already been addressed.  In an order issued after a Rule 16 conference held on March 5, 2015, the undersigned ordered the parties to identify the police officers and conduct discovery on the issue of qualified immunity, with that process to conclude not later than ninety days thereafter, or on June 5, 2015.  (Rec. Doc. 24).  That deadline has not yet elapsed.  The undersigned

---

[1]      Fed. R. Civ. P. 17(a)(1).

[2]      Fed. R. Civ. P. 17(a)(3).

-3-

also extended the deadline for serving the police officers once they are identified. (Rec. Doc. 24).  Once the officers are identified, the plaintiff will be able to move the court for leave to amend the complaint to add the officers as defendants.[3]   The anticipated amendment will cure the defects in the original complaint that the motion to dismiss seeks to address.  Accordingly, it is recommended that the motion to dismiss be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

---

[3]     One unsuccessful attempt to do so already occurred when the plaintiff filed an amended complaint without first seeking leave of court.  (Rec. Docs. 26, 30).

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on May 18, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE