UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JANA K. PITRE                             CIVIL ACTION NO. 6:14-CV-02843

VERSUS                                    JUDGE DOHERTY

THE CITY OF EUNICE, ET AL.                MAGISTRATE JUDGE HANNA


**<u>RULING  ON  MOTION</u>**


Currently pending is the defendants' motion to compel (Rec. Doc. 33), in which the defendants seek complete responses to written discovery requests that were propounded on the plaintiff on March 5, 2015.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

When the pending motion to compel was filed, the plaintiff had not yet responded to the defendants' written discovery requests, and the defendants sought to compel responses from the plaintiff.  After the motion to compel was filed, the plaintiff responded to some – but not all – of the discovery requests.  The plaintiff did not object to the discovery nor did she file a memorandum opposing the motion to compel.  On June 1, 2015 and again on June 16, 2015,[1] counsel for the defendants advised the plaintiff's counsel in writing that the discovery responses were

---

[1]        The letters were not and will not be filed in the record.

insufficient.  In particular, the defendants advised that Interrogatory Nos. 8, 11, 12, 13, 14, and 15 were not answered.  Additionally, the defendants advised that, although signed authorization forms had been provided, the plaintiff had not responded to the requests for the production of documents.

Oral argument on the motion to compel was held on June 23, 2015, but the plaintiff's counsel did not appear the hearing.

A motion to compel is authorized under Fed. R. Civ. P. 37 when a party fails to answer an interrogatory or respond to a request for the production of documents. Fed. R. Civ. P. 33(b)(2) affords a party thirty days to respond to interrogatories, and Fed. R. Civ. P. 34(b)(2)(A) affords a party thirty days to respond to requests for the production of documents.  In this case, the plaintiff did not respond to all of the written discovery requests within the allotted time, did not assert objections to the discovery that she did not answer, did not file a brief opposing the motion to compel, and did not appear at the hearing on the motion.  Accordingly, the motion to compel will be granted.

When a motion to compel is granted, the court must, under Fed. R. Civ. P. 37(a)(5)(A), award the prevailing party reasonable expenses incurred in bringing the motion to compel, including attorneys' fees.  Therefore, the defendants are entitled to recover such expenses.

Accordingly,

IT IS ORDERED that the defendants' motion to compel (Rec. Doc. 33) is GRANTED.

IT IS FURTHER ORDERED that, not more than twenty-one days after the date of this order, the defendants shall file an affidavit detailing the insufficiencies in the plaintiff's response to the written discovery requests and establishing the attorneys' fees and expenses incurred by the defendants in bringing the motion to compel.

IT IS FURTHER ORDERED that, not more than thirty days after the date of this order, the plaintiff shall supplement his responses to the defendants' discovery requests.  Should the plaintiff's counsel fail to comply with this order, he will be ordered to appear and show cause why he should not be held in contempt.

Signed at Lafayette, Louisiana, on June 30, 2015.

_____
      PATRICK J. HANNA
      UNITED STATES MAGISTRATE JUDGE