UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANA K. PITRE | CIVIL ACTION NO. 6:14-CV-02843 |
| VERSUS | JUDGE DOHERTY |
| THE CITY OF EUNICE, ET AL. | MAGISTRATE JUDGE HANNA |

## ORDER

Currently pending is the defendants' motion for attorneys' fees. (Rec. Doc. 33). After reviewing the arguments presented, the applicable law, and the supporting documentation, and for the reasons explained below, the motion is granted in part and denied in part.

## Background

On June 30, 2015, the undersigned issued a ruling (Rec. Doc. 4) that (1) granted the defendants' motion to compel (Rec. Doc. 40); (2) explained that when a motion to compel is granted, the court must, under Fed. R. Civ. P. 37(a)(5)(A), award the prevailing party reasonable expenses incurred in bringing the motion to compel, including attorneys' fees; and (3) ordered the defendants to file an affidavit detailing the insufficiencies in the plaintiff's response to the written discovery requests and establishing the attorneys' fees and expenses incurred by the defendants in bringing the motion to compel.

The defendants responded by filing the affidavit of their counsel, John F. Wilkes, III. (Rec. Doc. 41). By way of the affidavit, the defendants contend that they are entitled to recover for 8.3 hours of time at $160.00 per hour for a total of $1,328.00 in attorneys' fees. However, the affidavit did not detail the insufficiencies in the plaintiff's response to the written discovery requests, as required by the ruling. Therefore, the undersigned ordered that the affidavit be supplemented. A supplemental affidavit was promptly filed (Rec. Doc. 43), which sufficiently explains the deficiencies in the discovery responses.

## Analysis

The defendants' counsel contends that he is entitled to be reimbursed the sum of $1,328.00 for his work on the motion to compel, calculated on the basis of 8.3 hours of work at the rate of $160.00 per hour. It is noted that the plaintiff did not object to the discovery, did not file a memorandum opposing the motion to compel or the included motion for attorneys' fees, and did not appear at the hearing on the motion to compel.

In *Johnson v. Georgia Highway Express, Inc.*,[1] the Fifth Circuit recognized the lodestar method for determining reasonable attorneys' fees. This method utilizes a

---

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

two-step procedure. Initially, the district court must determine the reasonable number of hours expended on the task at issue and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by reasonable hourly rates. The product of this multiplication is the lodestar, which the court then either accepts or adjusts upward or downward, depending on the circumstances of the case, after assessing a dozen factors listed in the *Johnson* case.[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.[3] Three of the *Johnson* factors – the complexity of the issues, the results obtained, and the preclusion of other employment – are fully reflected and

---

[2] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998); *Wegner v. Standard Insurance Company*, 129 F.3d 814, 822 (5th Cir. 1997); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). See, also, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[3] *Johnson v. Georgia Highway Express*, 488 F.2d at 717–19.

subsumed in the lodestar amount.[4] The "Supreme Court has barred any use of the sixth factor," i.e., whether the fee is fixed or contingent.[5] Additionally, "the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel."[6]

Ultimately, however, a district court has discretion to fashion a reasonable attorneys' fee.[7] When determining a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[8] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a

---

[4] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999), citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), and *Shipes v. Trinity Industries*, 987 F.2d 311, 319–22 & n. 9 (5th Cir. 1993), *cert. denied*, 510 U.S. 991 (1993).

[5] *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996), citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

[6] *Migis v. Pearle Vision, Inc.*, 135 F.3d at 1047.

[7] *Hopwood v. State of Texas*, 236 F.3d 256, 277 & n.79 (5th Cir. 2000); *Hensley v. Eckerhart*, 461 U.S. at 436–37.

[8] *Associated Builders & Contractors of La., Inc.*, 919 F.2d 374, 379 (5th Cir. 1990), citing *Hensley v. Eckerhart*, 461 U.S. at 437-39.

review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[9]

### REASONABLE HOURS EXPENDED

The burden of proving the reasonableness of the hours expended is on the party seeking to recover attorneys' fees.[10] In determining the number of hours billed for purposes of calculating the lodestar, the Court must determine whether the requested hours expended by counsel were reasonable in light of the facts of the case and the work performed.[11] A determination must also be made concerning whether the records submitted show that the movant's counsel exercised sound billing judgment by excluding unproductive, excessive, or redundant hours when seeking the fee award.[12] Thus, all time billed for work that is excessive, duplicative, or inadequately documented should be excluded from consideration.[13]

---

[9] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir. 1986).

[10] *Mota v. University of Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001).

[11] *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2008); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 768.

[12] *Saizan v. Delta Concrete Products*, 448 F.3d at 799; *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 769.

[13] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Case 6:14-cv-02843-RFD-PJH   Document 44   Filed 07/21/15   Page 6 of 11 PageID #: 250

In this case, the defendants argue that their counsel should be reimbursed for 8.3 hours of work. After carefully evaluating the affidavit submitted by the defendants' counsel, Mr. Wilkes, the undersigned finds that amount of time for which reimbursement is sought is excessive. The time spent preparing the motion to compel was 1.3 hours on May 19, 2015; the time spent preparing for the hearing was .7 hours on June 16, 2015, and the time spent in court in connection with the hearing on the motion to compel was 1.3 hours on June 23, 2015, for a total of 3.3 hours. The undersigned finds that this time was reasonably spent in connection with the motion to compel. The other time entries were for tasks unrelated to the actual preparation and argument of the motion to compel (e.g., conferring with opposing counsel regarding the discovery responses), clerical tasks (e.g., forwarding a courtesy copy of the motion to the court, e-filing documents, telephoning the Clerk's office to confirm that oral argument was scheduled), the review of responses to discovery that would have had to be done whether a motion to compel was filed or not, and correspondence with the client. The undersigned finds that reimbursement for those tasks is not reasonably warranted.

### **HOURLY RATES CLAIMED**

An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within

the range of prevailing market rates, and the rate is not contested.[14] Based on the undersigned's knowledge of the prevailing market rates in this legal community, the undersigned's familiarity with the qualifications and expertise of the defendants' counsel and his law firm, and recent awards of reasonable attorneys' fees in this district,[15] the undersigned finds that the hourly rate requested by Mr. Wilkes is reasonable.

### THE LODESTAR

Multiplying $160 per hour by 3.3 hours, the lodestar is $528.00.

---

[14] *La. Power & Light Co. v. Kellstrom*, 50 F.3d at 328.

[15] See, e.g., *Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, No. 6:13-2840, 2014 WL 6389567, at *2 (W.D. La. Nov. 13, 2014); *Rivas v. Beaucoup Crawfish of Eunice, Inc.*, No. 6:12-CV-02610, 2014 WL 5488390, at *6 (W.D. La. Oct. 29, 2014); *Cash v. Unocal Corp.*, No. 6:04-1648, 2014 WL 2980589, at *4 (W.D. La. May 27, 2014), *report and recommendation adopted*, No. 6:04-1648, 2014 WL 2980659 (W.D. La. June 30, 2014); *Kelso v. Butler*, No. 12-CV-2756, 2013 WL 3894439, at *3 (W.D. La. July 25, 2013); *Bertrand v. City of Lake Charles*, No. 2:10-CV-867, 2013 WL 1790089, at *2 (W.D. La. Feb. 25, 2013), *report and recommendation adopted*, No. 2:10-CV-0867, 2013 WL 1789713 (W.D. La. Apr. 26, 2013); *Leleux v. Assurance Co. of Am.*, No. 6:11-2157, 2012 WL 5818226, at *4 (W.D. La. Nov. 15, 2012); *A C Marine, Inc. v. Axxis Drilling, Inc.*, No. 10-0087, 2011 WL 1595438, at *3 (W.D. La. Apr. 25, 2011); *Talen's Marine & Fuel, L.L.C. v. Con Dive, LLC*, No. 6:09-CV-1735, 2011 WL 1595274, at *3 (W.D. La. Apr. 21, 2011); *Progressive Waste Solutions of LA, Inc. v. Lafayette*, 2014 WL at *4; *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. 6:10-0386, 2011 WL 5525999, at *4 (W.D. La. Oct. 18, 2011), report and recommendation adopted, No. 6:10-0386, 2011 WL 5546924 (W.D. La. Nov. 10, 2011).

**ADJUSTMENT OF THE LODESTAR**

There is a strong presumption that the lodestar figure is reasonable."[16] However, the second step in the evaluative process allows downward adjustments, or in rare cases, upward adjustments, to be made to the lodestar amount based upon consideration of the *Johnson* factors. Therefore, the undersigned must consider the *Johnson* factors. Although a court need not be "meticulously detailed" in its analysis, it must articulate and clearly apply the twelve factors to determine how each affects the lodestar amount. Special consideration is to be given to the time and labor involved, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of counsel. However, to the extent that a factor has been previously considered in the calculation of the benchmark lodestar amount, no further adjustments should be made on that basis.[17]

A listing of the factors and analysis of each factor as it applies in this case follow.

---

[16] See, e.g., *Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

[17] *Heidtman v. County of El Paso*, 171 F.3d at 1043; *Shipes v. Trinity Indus.*, 987 F.2d at 320.

(1) Time and labor involved. The lodestar adequately compensates for the time and labor involved in preparing, filing, and arguing the subject motions to compel.

(2) Novelty and difficulty of the questions. The issues presented in the motion to compel were neither novel nor difficult, and they do not require an adjustment to the lodestar.

(3) The skill required to perform the legal services properly. The hourly rate adequately compensates counsel for the level of skill required to competently handle this case and, in particular, the subject motion to compel.

(4) Preclusion of other employment. No evidence was offered to establish that his involvement in this case prevented Mr. Wilkes from handling any other matters.

(5) Customary fee. The hourly rate found by the undersigned to be reasonable falls within the customary range of fees in this market and, as stated in Mr. Wilkes's affidavit, it is "my firm's hourly billable rate to this client." (Rec. Doc. 43).

(6) Fixed or contingent fee. This factor does not justify adjustment of the lodestar.[18]

---

[18] This factor can no longer be considered. *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d at 772, citing *City of Burlington v. Dague*, 505 U.S. at 567.

(7)     Time limitations.  No evidence was adduced on this point.  Thus, the lodestar adequately compensates for this factor.

(8)     The time involved and the results obtained.  Because the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced with regard to this factor, it does not necessitate adjustment of the lodestar.[19]

(9)     The experience, reputation and ability of counsel.  This factor has also been limited greatly by the Supreme Court.[20]  The lodestar adequately compensates for this factor.

(10)     The undesirability of the case.  No evidence was adduced on this point.  Thus, the lodestar need not be adjusted on this basis.

(11)     The nature and length of the professional relationship with the client.  No evidence was adduced on this point.  Thus, the lodestar adequately compensates for this factor.

(12)     Awards in similar cases.  The award is consistent with other such awards considered by the undersigned.

---

[19]     *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d at 771.

[20]     *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d at 771, citing, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (" '[N]ovelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

Because the lodestar is presumptively reasonable, it should be modified only in exceptional cases.[21] The fee applicant bears the burden of establishing a necessary deviation from the lodestar.[22] Finding that this is not an exceptional case and finding that the defendants have not demonstrated that a deviation from the lodestar is warranted, the undersigned finds that the lodestar requires no adjustment.

Therefore, for the foregoing reasons,

IT IS ORDERED that the defendants' motion for the recovery of attorneys' fees (Rec. Doc. 33) is GRANTED IN PART and DENIED IN PART. More specifically, the defendants' motion to set fees is GRANTED, and the sum of $528.00 is awarded.

IT IS FURTHER ORDERED that, not later than fourteen days after the date of this ruling, the plaintiff shall pay to the defendants, through the defendants' counsel, the sum of $528.00.

Signed at Lafayette, Louisiana, on July 21, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[21] *City of Burlington v. Dague*, 505 U.S. at 562.

[22] *City of Burlington v. Dague*, 505 U.S. at 562.